UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

THOMAS E. WILSON and
SANDRA L. WILSON,                    Case No. 10-81481C-13D

    Debtors.

RICHARD M. HUTSON, II, Trustee

    Plaintiff,

v.                                   Adversary No. 12-9025

BRANCH BANKING AND TRUST
COMPANY,

    Defendant.

## MEMORANDUM OPINION

The matter before the court is a Motion for Summary Judgment filed by Branch Banking and Trust Company ("BB&T") (the "Motion"). In this proceeding, Richard M. Hutson, II (the "Standing Trustee") seeks to avoid a deed of trust held by BB&T on the residence of Thomas and Sandra Wilson (the Debtors) pursuant to 11 U.S.C. § 544(a). Based on the Motion, the briefs, and the other filings submitted in support of and in opposition to the Motion, the court will grant the Motion.

The Debtors obtained a loan from BB&T in the principal amount of $91,200 on April 4, 2003, at which time the Debtors executed a Note and a Deed of Trust. The property described in the Deed of Trust is the Debtors' residence located at 402 Allen Ruffin Avenue,

Hillsborough, North Carolina. The Deed of Trust is dated April 4, 2003. The Deed of Trust provides that it "secures to the Lender . . . the repayments of the Loan, and all renewals and modifications of the Note. . . ." The Loan is described in the Deed of Trust as "the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest." The Note is described in the Deed of Trust as " the promissory note signed by Borrower and dated as of the date hereof." It is undisputed that the Deed of Trust was duly and properly recorded in the office of the Register of Deeds of Orange County on April 9, 2003, and remains of record.

Although the Debtors executed a Note in the amount of $91,200 on April 4, 2003, the Note is dated April 4, 2002. The Trustee alleges, and BB&T does not dispute, that there is no promissory note dated April 4, 2003 in existence inasmuch as the Note executed by the Debtors is dated April 4, 2002. The Trustee alleges that since the Note held by BB&T is dated April 4, 2002, the Deed of Trust does not properly identify an obligation to be secured by the Deed of Trust and therefore is not enforceable. BB&T asserts that although the Promissory Note is not dated April 4, 2003, as referenced in the Deed of Trust, the Deed of Trust nevertheless identifies the indebtedness evidenced by the Note as the secured obligation because the Note and Deed of Trust contain enough

coinciding information so as to identify the Note as the underlying indebtedness.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001)). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In order to be enforceable under North Carolina law, a deed of trust must specifically identify the underlying obligation to be secured by the deed of trust. In re Head Grading, Co., 353 B.R. 122, 122 (Bankr. E.D.N.C. 2006) (citing In re Foreclosure of Deed

of Trust of Enderle, 431 S.E.2d 549 (N.C. App. 1993)). Although there are no specific requirements as to what information must be provided to properly identify an underlying obligation, incorrect information in a deed of trust as to the date of a promissory note or the parties to a promissory may under some circumstances render a deed of trust invalid. Beckhart v. Nationwide Tr. Servs. (In re Beckhart), 2010 WL 1416807(Bankr. E.D.N.C. Apr. 2, 2010). However, such is not the case in this proceeding.

In the matter before the court, the Deed of Trust is dated April 4, 2003 and references "the promissory note signed by Borrower and dated as of the date hereof." The Note executed by the Debtors is dated April 4, 2002. The Trustee argues that the Deed of Trust does not identify the underlying indebtedness because the date referenced in the Deed of Trust is incorrect, and asks the court to adopt a bright line rule under which a deed of trust which misstates the date of the underlying note is necessarily invalid. This court agrees with the other bankruptcy courts in North Carolina which have considered this issue and concluded that adopting the bright line rule approach urged by the Trustee is not the best way to proceed. See Beckhart v. Nationwide Tr. Servs. (In re Beckhart), 2011 WL 5902598, at *4-5, slip op. (Bankr. E.D.N.C. July 21, 2011) ("The Court declines to establish a bright line rule that in order to 'specifically identify the debt referenced herein' a lender must provide a date of the underlying obligation in a deed

of trust. Instead, the Court should look at the language of the documents and the facts of each case to determine if the information provided sufficiently describes the underlying obligation."); <u>The Willows II, LLC v. BB&T (In re The Willows II, LLC)</u>, 2013 WL 139319, slip op. (Bankr. E.D.N.C. Jan. 10, 2013) (incorrect reference to date of note in deed of trust did not threaten the clarity and certainty in lien perfection requirements established by North Carolina courts and deed of trust was not rendered invalid by the incorrect date on the note).

The court concludes that in this proceeding the Deed of Trust includes sufficient information to specifically and uniquely identify the promissory note dated April 4, 2002 as the secured obligation despite its incorrect reference to the April 4, 2002 date. Such information includes the loan amount, property address, application number, "MIN" number, names of the borrowers, and loan number, which match the information reflected on the face of the Note. <u>See also</u> <u>In re The Willows II, LLC</u>, 2013 WL 139319, at *8.

For the foregoing reasons, the court concludes that BB&T's Motion for Summary judgment should be granted. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 8th day of February, 2013.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Richard M. Hutson, II, Standing Trustee
P.O. Box 3613
Durham, NC 27702

James K. Pendergrass, Jr., Esq.
P.O. Drawer 33809
Raleigh, NC 27607

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615